# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LARRY RAY HOLMON,

        Petitioner,

v.                                                             Case No. 09-CV-761

STEVE WATTERS,

        Respondent.

_____

## ORDER

On August 5, 2009, petitioner Holmon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Holmon challenges either his civil commitment as a "sexually violent person" ("SVP") under Wis. Stat. ch. 980, or his detention pending a determination as to whether he should be civilly committed as a SVP – it is impossible to determine from Holmon's petition which of these provides the factual predicate for his challenge. In any event, it is clear that Holmon is currently confined to the Sandridge Secure Treatment Center in Mauston, Wisconsin.

Holmon was convicted in 1982 of sexual assault against a juvenile, in violation of Wis. Stat. § 940.225(1), and was sentenced to 15 years imprisonment. Apparently, sometime after the completion of that sentence (or perhaps during the tenancy of that sentence) the State of Wisconsin filed a petition seeking to have Holmon declared to be a SVP pursuant to Wis. Stat. ch. 980. According to Holman's petition, his detention attendant to these ch. 980 proceedings commenced on or about April 22, 2008. It is unclear from Holman's petition whether he has actually

been deemed a SVP, or whether he is still being detained pending a determination on the matter.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Holmon's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it is impossible to determine whether Holmon's petition is timely. Holman's petition evidences a mistaken belief that his present confinement is a type

of additional sentence being imposed in his sexual assault case from 1982. Thus, Holmon gives the date of the judgment of conviction from which he is seeking relief as June 28, 1982. However, civil commitment under ch. 980 is not a criminal sentence. While Holmon's sexual assault conviction is undoubtedly evidence that will be used (or was used) in the civil commitment proceedings, the state's efforts to have him civilly committed as a SVP do not constitute a continuation of his 1982 case. For the court to determine the timeliness of the petition, Holmon is required to provide the date on which he was deemed a SVP and ordered civilly committed.

The court continues its Rule 4 review by examining Holmon's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full

-3-

Case 2:09-cv-00761-JPS   Filed 10/08/09   Page 3 of 8   Document 9

and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

The claims in Holmon's petition are likely exhausted. Holmon presents the following claims for relief in his petition: 1) that in his sexual assault trial in 1982, the victim's subsequent prostitution arrest should have been presented to the jury as it was germane to the issue of credibility; 2) DNA testing should have been done to determine if Holmon did in fact sexually assault the victim in the 1982 case; 3) ineffective assistance of counsel for failure to ensure DNA testing and failure to properly attack the credibility of the victim; and 4) the state circuit court does have the power to entertain a motion in Holmon's case brought pursuant to Wis. Stat. § 974.06. The first three of Holmon's claims are clearly exhausted. He presented them to the Milwaukee Circuit Court by filing, on July 30, 2008, a motion for post-conviction relief based on newly discovered evidence, pursuant to Wis. Stat. § 974.06. The circuit court denied Holmon's motion, finding that evidence that the victim was arrested for prostitution would not have been admissible under Wis. Stat. § 972.11 because it was not past conduct, and that DNA evidence is not necessary to obtain a conviction for sexual assault. Holmon filed a motion for reconsideration on August 12, 2008, in the Milwaukee Circuit Court; the court denied that motion on August 18, 2008.

Holmon appealed the circuit court's decision to the Wisconsin Court of Appeals. The court of appeals found that the circuit court did not have jurisdiction

over Holmon's claims, and as a consequence the court of appeals did not have appellate jurisdiction. The basis for the court of appeal's decision is found in Wis. Stat. § 974.06, which provides:

> After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Wis. Stat. § 974.06(1). The court of appeals pointed out that "[t]he limitation on the availability of a § 974.06 motion to 'a prisoner in custody under sentence of a court' is a 'rigid jurisdictional requirement . . . imposed upon the courts by the legislature.'" (Pet. Habeas Corpus, Ex. D at 3) (quoting *State v. Theoharopoulos*, 240 N.W.2d 635 (Wis. 1976)). The court of appeals further pointed out that "[p]ostconviction relief under Wis. Stat. § 974.06 is not available unless the movant is challenging the sentence under which he is being held in custody." (Pet. Habeas Corpus, Ex. D at 3) (citing *State v. Bell*, 362 N.W.2d 443, 444-45 (Wis. App. 1984)). Because Holmon's motion was challenging the sentence imposed in his 1982 sexual assault case (for which he had already completed his prison sentence), yet he was in custody on a separate matter (the state's efforts to have him civilly committed as a SVP), the court of appeals held that the circuit court did not have jurisdiction over

Holmon's § 974.06 motion. Because an absence of circuit court jurisdiction results in an absence of appellate jurisdiction, the court dismissed Holmon's appeal.

The Wisconsin Supreme Court denied Holmon's petition for review of the Court of Appeals' ruling on these claims. Therefore, these first three claims appear clearly to have been fully exhausted in state court. As to Holmon's fourth claim – that the circuit court did have jurisdiction over his § 974.06 claim – though this was not presented at the circuit court level, it was obviously rejected by the court of appeals, and almost certainly (though not definitively) was presented to the Wisconsin Supreme Court.

The court next reviews Holmon's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Holmon did procedurally default on his claims. His claims were presented to the Wisconsin Court of Appeals, but they were not

considered on their merits as the Wisconsin Court of Appeals found that it was lacking jurisdiction pursuant to § 974.06. Indeed, each of Holman's claims challenged his 15-year confinement in prison for sexual assault; however, he was no longer confined pursuant to that conviction. The court of appeals stated that Holman had not alleged that he was still serving that 15-year sentence, or that he was currently "in custody" as a result of the 1982 conviction. (Pet. Habeas Corpus, Ex. D at 3). As a result, the state courts were without jurisdiction to hear his claims in the manner he brought them. Thus, Holman failed to raise his claims in the manner prescribed by state procedural laws.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Holmon's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Holman's claims appear patently frivolous. His claims do nothing but challenge the basis of his 1982 conviction. Holman is not in custody pursuant to this 1982 conviction. Holman is in custody on a separate matter – namely, the state's efforts to have him civilly committed as a SVP. Assuredly, as already noted, Holman's 1982 conviction is evidence that will be (or was) used against him during the civil commitment proceedings. However, that in no way means that his present confinement is in violation of the laws of the United States. The claims in Holman's petition are fundamentally misplaced. To state claims for habeas relief rising from his present confinement, he must challenge the civil commitment proceedings under which he is presently confined, not the criminal

proceedings that gave rise to a conviction that is nothing more than evidence in his civil commitment proceedings.

Accordingly

**IT IS ORDERED** that the petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Docket #3) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that petitioner's Motion for Review of DNA Evidence (Docket #4) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that petitioner's Motion to Photo Copy Exhibits (Docket #5) be and the same is hereby **DENIED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge